## SUPREME COURT.

### Samuel M. Pratt and others agt. Theodore Conkey.

In an action for the recovery of money, where an attachment has been issued, the plaintiff is not entitled to recover an extra allowance upon his demand, under § 308 of the Code, where the defendant has, before judgment, *tendered* the amount of damages and costs then due the plaintiff.

It is only upon the *recovery of judgment* that the plaintiff is allowed an additional per centage. And where the defendant, in an action of this kind, has made a tender before judgment, the plaintiff cannot *proceed to judgment* so as to entitle himself to such extra allowance. (*See Thurston agt. Marsh*, 14 *How*. 572.)

*Erie Special Term, July*, 1857.

Application for the per centage allowance of costs under section 308 of the Code as recently amended. The action was for the recovery of money. An attachment was issued, and the property of the defendant was attached. The defendant appeared, and upon giving bond, the property was released, and before judgment was recovered, he tendered the sum to which the plaintiff was entitled for damages and costs, other than the per centage, as specified in section 308 of the Code as amended by the act of April 17, 1857. The plaintiffs insisted

Pratt and others agt. Conkey.

that they were entitled to the per centage, and the defendant, that they were not so entitled, as there had been no *recovery of judgment.* The question was submitted by stipulation.

BOWEN & ROGERS, *for plaintiffs.*
L. LOCKWOOD, *for defendant.*

MARVIN, Justice. In my opinion, the plaintiffs have no right to the per centage claimed. The action was for the recovery of money. By section 308, before the recent amendment, the court was authorized to make an allowance in certain cases, among which, were those in which a warrant of attachment had been issued. As now amended, the per centage is given without any application to the court. But *when* is it given? under what circumstances? The allowance might be made by the court "*upon the recovery of judgment,*" and the same qualification or limitation still remains in the section as amended. It is then only "upon the recovery of judgment," that the plaintiff is entitled to an additional allowance by way of per centage.

In *New York Fire &c. Insurance Co.* agt. *Burrell and others,* (9 *How. Pr. R.* 398,) an extra allowance was given in a *mortgage foreclosure suit* when a tender had been made before judgment. The learned justice took that case out of the provisions of the Revised Statutes relating to the tender before trial, in actions at law, of the plaintiff's demand with the costs. (2 *R. S.* 553.) Without remarking upon that case, it is enough to say it is not applicable to the present case. Here the action was for the recovery of money only, and I can see no good reason why this provision of the Revised Statutes does not apply. It is clear, so conceded in the case cited, that the plaintiff cannot have the allowance unless he has obtained judgment.

Suppose the defendant immediately after his property is attached, desires to pay the demand and costs, should he not be permitted to do so? Can the plaintiff say you must pay the *per centage,* or I will proceed to judgment, and retain the

property attached.? I think he cannot do this. By § 322, it is provided that upon the settlement before judgment, of any action mentioned in § 304, no greater sum shall be demanded as costs, than at the rates prescribed by that section. The present action is one of those mentioned in § 304. It may be said that a defendant can never *compel* a *settlement* of the action ; and this may be so, but if the provisions of the Revised Statutes referred to, remain in force, he can protect himself by a tender from any further liability to pay interest or costs. In my opinion, the plaintiff is not entitled to a per centage upon the demand, except " upon the recovery of judgment," and in a case like the present he cannot entitle himself to the per centage by proceeding to judgment.